UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

DAVID ARNOLD TIECHE                DOCKET NO. 6:10-cv-00511

VERSUS                             JUDGE DOHERTY

UNITED STATES OF AMERICA o/b/o     MAGISTRATE JUDGE HANNA
U.S. DRUG ENFORCEMENT
ADMINISTRATION

## REPORT AND RECOMMENDATION

(Rec. Doc. 6)

Pending before the Court is the defendant's motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction.  (Rec. Doc. 6).  The motion is opposed.  (Rec. Doc. 9).  For the reasons set forth below, it is recommended that the motion be granted.

## BACKGROUND

According to his complaint, the plaintiff, David Arnold Tieche, was arrested on August 3, 2006.  Six days later, he was charged by indictment of the grand jury. In Count One, he was charged with possession of cocaine with intent to distribute and aiding and abetting in violation of 21 U.S.C. § 841(a)(1)(b)(1)(C); 18 U.S.C. §2.  In Count Two, he was charged with carrying firearms during and in relation to a drug

trafficking crime in violation of 18 U.S.C. § 924(c)(1).  On September 8, 2006, Mr. Tieche entered into a written plea agreement.  On May 24, 2007, he was sentenced to a term of 108 months of imprisonment, to be followed by a term of sixty months of supervised release.  No appeal was taken.

At the time of his arrest, twelve items of Mr. Tieche's property were allegedly seized by the arresting officers and never returned to him, to-wit:

1.  Garmin 396 portable flight GPS and satellite weather

2.  Garmin 296 portable flight GPS with antennae

3.  Portable airplane intercom system with cords (power/input)

4.  Bose headset (noise cancelling)

5.  2 David Clark flight headsets

6.  Realistic portable DVD player with 2 screens and cables

7.  Laptop computer (cell transmitter modem)

8.  Portable aircraft transceiver

9.  Laptop computer software packages

10. Pilot log book

11. 2 cell phones

12. Flight bag with maps and log books

According to the government, the flight bag, maps, and log books were returned to Mr. Tieche's counsel in April 2007.[1]  According to the government, the portable airplane intercom system, Bose headset, David Clark flight headsets, Realistic portable DVD player with two screens and cables, and portable aircraft transceiver were attached to the airplane and forfeited along with it.[2]  According to the government, the items seized as evidence, i.e., the two GPS devices, the laptop, and the cell phones, were destroyed.[3]  In his complaint, Mr. Tieche seeks to recover damages for the government's alleged failure to return this property.  The government responded to the complaint with a motion to dismiss the complaint, alleging that this Court has no subject matter jurisdiction over this matter.

<u>DISCUSSION</u>

Mr. Tieche brings this claim under the Federal Tort Claims Act ("FTCA").[4] The government argues that there are two reasons why this Court lacks jurisdiction,

---

[1]      Rec. Doc. 6-1 at 3; Rec. Doc. 6-3 at 6.

[2]      Rec Doc. 6-1 at 2; Rec. Doc. 6-3 at 4-5.

[3]      Rec. Doc. 6-1 at 3; Rec. Doc. 6-3 at 1-3.

[4]      28 U.S.C. § 2671 *et seq*.

first, that the claim was not timely and, second, that the claim is barred by a statutory exception to the FTCA's waiver of sovereign immunity.  Both arguments have merit.

A.    THE APPLICABLE STANDARD.

A motion filed under Rule 12(b)(1) allows a party to challenge the district court's subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[5]  Lack of subject matter jurisdiction may be found based upon a review of the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[6]  The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.[7]  Accordingly, Mr. Tieche bears the burden of proof in this case.   A motion to dismiss for lack of subject matter

---

[5]        *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[6]        *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

[7]        *Ramming v. United States*, 281 F.3d at 161.

jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.[8]

**B.    THE PLAINTIFF'S CLAIM IS BARRED BECAUSE THE FEDERAL GOVERNMENT IS IMMUNE FROM SUCH COMPLAINTS.**

The FTCA is a limited waiver of the federal government's sovereign immunity from tort suits.[9]  But there are exceptions to the FTCA's waiver.  In 28 U.S.C. § 2680(c), for example, the federal government's sovereign immunity was preserved "for the entire universe of claims against law enforcement officers... 'arising in respect of' the 'detention' of property."[10]  The Fifth Circuit has held that "§ 2680(c) exempts from the FTCA's waiver of sovereign immunity any claim based on the detention of goods by any federal law enforcement officers in the performance of their lawful duties."[11]

In this case, Mr. Tieche alleges that his property was seized and detained by DEA agents arresting him in connection with a crime of which he was later convicted.

---

[8]     *Ramming v. United States*, 281 F.3d at 161; *Home Builders v. City of Madison*, 143 F.3d at 1010.

[9]     See *United States v. Orleans*, 425 U.S. 807, 813 (1976).

[10]     *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 228 (2008), quoting 28 U.S.C. §2680(c).

[11]     *Halverson v. United States*, 972 F.2d 654, 656 (5th Cir. 1992).

Therefore, his claim falls squarely within the scope of § 2680(c).  But "federal courts lack subject-matter jurisdiction to entertain claims against the United States falling within one of the statutory exceptions to the FTCA."[12]  Consequently, "[i]f a claim against the United States falls under § 2680(c), federal courts lack subject matter jurisdiction to entertain it."[13]  The undersigned therefore finds that this Court has no jurisdiction if Mr. Tieche's property was detained by any federal law enforcement agency.

Mr. Tieche argues, however, that although his property was seized by the DEA, which clearly is a law enforcement agency, "it was subsequently transferred to the care and control of the U.S. Attorney's Office to be held as evidence."[14]  The implication is that the employees of the U.S. Attorney's Office are not law enforcement officers as that term is used in § 2680(c), removing this matter from the scope of the statute.

It is not necessary to decide whether the U.S. Attorney's Office is or is not a law enforcement agency.  In the earlier criminal proceeding, the government alleged that the property seized from Mr. Tieche fell into three categories:  some of it was

---

[12]     *City of Garland v. Zurn Industries, Inc*., 870 F.2d 320, 326 (5th Cir. 1989).

[13]     *Johnson v. United States*, 323 Fed. App'x 310, 312 (5th Cir. 2009).

[14]     Rec. Doc. 9 at 4.

returned to Mr. Tieche's attorney, the property that was forfeited was sold by the U.S. Marshall's Service, and the rest was destroyed by the DEA.  These allegations are supported by the documents filed by the government in this lawsuit.[15]  Mr. Tieche presented no evidence supporting his allegation that the property was transferred to the care and control of any federal agency that is not a law enforcement agency, and he presented no evidence that any of the property was lost, sold, destroyed, or damaged while in the custody of any federal agency other than the DEA or the U.S. Marshall's Service.

Therefore, Mr. Tieche has not carried his burden of proving that this Court has jurisdiction over this matter, and the undersigned finds that the seizure and detention of Mr. Tieche's property was, at all times, within the scope of § 2680(c). Accordingly, the United States did not waive its sovereign immunity with regard to Mr. Tieche's claim, and this Court has no subject matter jurisdiction.  For these reasons, the undersigned recommends that the government's motion to dismiss be granted.

---

[15]      Rec. Doc. 6-3.

-7-

C.    **T**HE **P**LAINTIFF'S **C**LAIM IS **B**ARRED BECAUSE IT WAS **U**NTIMELY.

Tort claims against the United States, brought under the FTCA, are forever barred unless they are (1) first presented in writing to the appropriate federal agency within two years of accrual of the cause of action, and then (2) brought in court within six months following denial by the agency.[16]  Compliance with these deadlines is jurisdictional, and federal courts are deprived of subject matter jurisdiction unless both of these requirements are satisfied.[17]  The purpose of these limitation periods is to encourage the settlement of claims, ensure that claims will still be fresh when presented, and prevent undue delays by claimants.[18]

In this case, the government alleges that Mr. Tieche first presented his FTCA claim to the appropriate federal agency, the Drug Enforcement Administration, on July 1, 2009.[19]  Mr. Tieche countered with an even later date, stating that he notified the Department of Justice and the Drug Enforcement Administration of his claim on

---

[16]    See 28 U.S.C. § 2401(b).

[17]    *Severtson v. United States*, 806 F.Supp. 97, 98 (E.D. La. 1992), citing *Bush v. United States*, 823 F.2d 909, 911 (5th Cir. 1987).

[18]    *Severtson v. United States*, 806 F.Supp. 97, 98 (E.D. La. 1992), citing *Cummings v. United States*, 704 F.2d 437, 439 (9th Cir. 1983).  See, also, *United States v. Kubrick*, 444 U.S. 111, 117 (U.S. 1979) (the "obvious purpose [of this limitations provision] is to encourage the prompt presentation of claims.")

[19]    Rec. Doc. 6-1 at 3.

September 8, 2009.[20]  Both parties agree that the government denied Mr. Tieche's claim in December 2009.[21]

There is no dispute that this lawsuit, which was filed on March 27, 2010, was filed within six months of the government's denial of Mr. Tieche's claim, satisfying the second of the two timing requirements.

The question to be resolved is whether Mr. Tieche satisfied the first of the two timing requirements by presenting his claim to the federal agencies within two years of the accrual of the cause of action.  It is well-settled that an FTCA cause of action accrues when the plaintiff discovers, or, in the exercise of reasonable diligence should have discovered, the fact of the injury and its cause.[22]  Ascertaining a person's awareness of the existence of a possible cause of action has two elements:  the existence of the injury and the connection between the injury and the defendant's

---

[20]     Rec. Doc. 9 at 3.

[21]     Rec. Doc. 6-1 at 3; Rec. Doc. 9 at 3.

[22]     See, e.g., *Ramming v. United States*, 281 F.3d at 162; *Brown v. Nationsbank Corp.*, 188 F.3d 579, 589-90 (5th Cir. 1999), *cert. denied*, 530 U.S. 1274 (2000); *Bush v. United States*, 823 F.2d at 911; *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

actions.[23]  The plaintiff need not know that a legal cause of action exists; he need only be aware of the facts that would support a claim.[24]

In this case, Mr. Tieche's complaint makes it clear that he knew, when he was arrested in August 2006, that the DEA agents who arrested him seized his property. He was aware of the alleged injury – the seizure of his property.  He was also aware of the connection between the alleged injury and the actions of the defendants – he knew that the arresting officers seized his property.  Thus, his cause of action for the return of his property could arguably have accrued as early as August 3, 2006, the date on which he was arrested.

On September 8, 2006, Mr. Tieche entered into a written plea agreement, which included a written consent decree of forfeiture.  By that date, he certainly knew that some of the property that was seized when he was arrested would be forfeited in accordance with his agreement with the government.  Thus, his cause of action may arguably have accrued on the date he signed the plea and forfeiture agreements.

On April 5, 2007, certain remaining items of Mr. Tieche's property that were seized when he was arrested, namely, an ice chest, a suitcase with clothing and

---

[23]        *Ramming v. United States*, 281 F.3d at 162, citing *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

[24]        *Piotrowski v. City of Houston*, 51 F.3d at 516.

documents, and a canvas bag containing miscellaneous manuals and tools, were turned over to Mr. Tieche's attorney.[25]  Therefore, at the latest, with the return of certain items seized at the time of his arrest but without the return of all such items, Mr. Tieche's cause of action accrued on April 5, 2007.

Mr. Tieche did not assert an administrative claim within two years of any of those dates.  Instead, he waited until three years and one month had elapsed after his arrest, until almost exactly three years had elapsed after entry of the plea agreement, and until two years and four months had elapsed after some of his property was returned to his attorney before making an administrative claim.  Consequently, his claim is now barred.

Mr. Tieche argues, however, that the two year limitations period did not begin to run until December 2, 2009 because that was the date he first learned, through the government's denial of his administrative claim, that his property would not be returned to him.[26]  If his reasoning were correct, then the two year limitations period would never start to run until the government responded to an administrative claim, which is an illogical interpretation of the limitations statute and the jurisprudence interpreting it.

---

[25]      Rec. Doc. 6-3.

[26]      Rec. Doc. 9 at 3.

Mr. Tieche knew that his property had been seized, and he knew that it had been seized by DEA agents upon his arrest in August 2006.  He knew, not later than September 2006, that some of his property would be forfeited.  He knew, not later than April 2007, that some of his property had been returned to his attorney and that the rest was not. Consequently, he possessed sufficient factual information to support a claim, and his cause of action accordingly accrued, triggering the start of the applicable two-year limitations period, not later than April 2007.  A timely claim would have been made to the appropriate federal agency not later than April 2009.  But Mr. Tieche waited until either July 2009 (by the government's reckoning) or September 2009 (by Mr. Tieche's own reckoning) to assert his claim.  By then, the two year limitations period had already elapsed.  Therefore, his claim is time-barred, and this Court has no subject matter jurisdiction over the matter.  For that reason, the undersigned recommends that the government's motion to dismiss be granted.

## CONCLUSION

The undersigned finds that there are two independent reasons why this court lacks subject matter jurisdiction over this action.  First, because Mr. Tieche's claim arises out of the seizure and detention of his property by federal law enforcement officers, the United States is immune from suit.  Second, because Mr. Tieche failed

to comply with the applicable statute of limitations, his claim is time-barred. Accordingly, the undersigned recommends that the United States's motion to dismiss be granted and this lawsuit be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plan error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed this 17th day of September, 2010, at Lafayette, Louisiana.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)